OCTOBER 15, 1803.

# John Haggan *v.* David Wood's Heirs.

*Upon an appeal from a decree of the Danville District Court.*

Where the owner of real estate sold it, first to W and then to L, and L, in good faith and without notice of the previous sale to W, obtained the first conveyance—*Held:* That his title must prevail against W in a court of equity.

Both the parties claim the land in contest under Azor Rees, who was the original grantee; and as the appellees were com-

plainants in the courts below, it is proper that the situation and extent of their right should be first regarded.

The appellees' purchase, as specified in their deed, was 200 acres of land in the most south-eastwardly corner of Rees' preemption, which in that part, as appears from his grant, was bounded by Hogan's line on the east, by McBride's line on the south, and by Bulger's line on the west; and from the calls of this grant, it further appears that these lines were intended to be at right angles to each other, notwithstanding they may not in fact be precisely so. The same intention is also manifested in the appellees' deed, the same courses being called for therein, and seems thus far to be a transcript of the grant, only the grant fixes the south line to be 130 poles, and the deed fixes the same line to be one pole less; therefore, their 200 acres can not extend westwardly further than Bulger's line. The only doubt is, how far it ought to extend north, both the north-east and the north-west corner trees having been destroyed, and the places where they stood are not certainly identified. The deed calls for a sugar tree at the north-east, and for a hoopwood at the north-west corner, and it is' proven that about the time the 200 acres were laid off, a sugar tree marked as a corner was standing nearly on Hogan's line (now Robert Mosby's) and at nearly the place where the appellee's corner might have been expected, and also that a hackberry (hoopwood) marked and supposed to be a corner, was standing nearly a west course from the sugar tree, and nearly at the proper distance. The presumption, therefore, is strong that those were the trees which were lost; and the hackberry having been at a place a little south and a little west from where it might have been expected, may be accounted for by the commission of accidental inaccuracies, without impairing the presumption. But although the appellant was not the first purchaser from Rees, he obtained the first deed, which was known to Lewis Rose, the immediate assignor of the appellees, and purchaser from Rees, and as it is not proven that he, the appellant, obtained his deed fraudulently or unfairly, he must hold the land specified therein against the appellees, even could their corners to the north-east and north-west be more certainly ascertained; and if they are injured, their recourse must be to Rees or to Rose from whom they received their deed, or to their heirs. Therefore, the situation and extent of the appellant's legal right must settle this contest. The appellant's deed calls for a sugar tree and walnut at his

south-east corner on Mosby's line (formerly Hogan's), the sugar tree is not found, but the walnut is satisfactorily identified; from thence his deed calls for a line running west 129 poles to a small hoopwood, which is not found, and from thence south 105 poles to an ash and white oak, by which was certainly intended the corner trees of the same name in that quarter called for in Rees' grant. Therefore, conformably to the principles formerly established by this court in such cases, a line should be extended north from Rees' said corner, so far that a line extended west from the said walnut tree will intersect it, and this intersection should be considered as the place where the lost hoopwood stood which is called for in the appellant's deed, allowing, however, the same variation from the true meridian which the other lines specified in the appellant's deed may have at the time these two lines shall be run. But this will be repugnant to the decree of the late district court pronounced in this case. Wherefore, it is decreed and ordered, that the said decree be reversed, and that the appellees do pay unto the appellant his costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the circuit court for the county of Lincoln, that it may cause the place of the appellant's said lost corner to be ascertained and properly marked conformably to the foregoing opinion, and make such other decrees and orders therein as law and equity may require, which is ordered to be certified to the said circuit court.