Harris, J.,
delivered the opinion of the Court.
This is an action of ejectment, brought by the plaintiffs, in the Circuit Court of Blount county, for a house and lot. Both parties claim title under one *126 Barnhill. Barnhill had conveyed the house and lot, in trust, to secure Cox & Brother in the payment of certain debts which he owed them; and this deed of trust was regularly registered. After the registration of the deed, the plaintiffs did certain work, as mechanics, in repairing said house, at the instance and on the credit of Barnhill. Afterwards, Barnhill absconded, leaving both debts unpaid. The plaintiffs sued out an attachment, and had it levied upon the house and lot to enforce their lien as mechanics. They recovered judgment, and had the property sold, and became themselves the purchasers at execution sale, and brought this action to recover the possession of the property from the defendant, who was the purchaser at the trust sale. There was verdict and judgment for the defendant; a motion for a new trial made, and discharged by the Court, to which there is exception, and an appeal is taken to this Court. The errors assigned and relied upon are, that the Court misdirected the jury in two particulars. 1st. The Court charged the jpry, “ That, if the deed of trust from Barnhill was registered in Blount county before the plaintiffs did the work for Barnhill, this would be notice to the plaintiffs of Cox’s lien on the house and lot, and that he would not be required to give any further notice to the plaintiffs; and even if it should appear, in proof, that Cox had knowledge that the plaintiffs were doing the work for Barnhill, and remained silent, this would not prejudice his lien, nor would he be estopped to assert it.”
2d. The Court further charged that, “ If they were satisfied, from the proof in this case, that Barnhill *127 acted as the agent of Cox, in employing the plaintiffs to perform the work, then the plaintiffs should have resorted to their remedy against Cox, to enforce their lien, and not against Barnhill, and, in no aspect of the case, could a proceeding against Barnhill, to enforce their lien, under the act of 1846, prejudice the right of Cox to enforce his lien under the deed of trust.” In this charge there is no error.
The last part of the charge is clearly correct; for, if the work was done for Cox, they having been employed by Barnhill as his agent, Cox was their debtor, and they had a right of action against him, and him only, for the value of their work. But having-proceeded against Barnhill, and procured the property to be sold as his, and become the purchasers themselves, the most favorable attitude they can assume— and we will not stop to enquire if they could successfully assume that — is, that by their purchase, they are substituted to Barnhill’s rights; and it is clear, if Barn-hill were the plaintiff in this cause, he could not succeed against his vendee;
The question raised on the first portion of the charge has been recently decided by this Court, in the case of Reid vs. The Bank of Tennessee, et al., 1 Sneed, 273. In that case, the identical question here presented was decided, in which opinion the Court say: “We are of opinion, that the mortgagee is entitled to priority of payment over the lien of the mechanic for work done and materials furnished, after notice of the existence of the prior lien. The registry of the mortgage is such notice.”
Judgment affirmed.